Judge Mills
delivered the Opinion of the Court.
Tos defendant in error issued a scire facias to revive a judgment for damages and costs, reciting that he had previously issued a capias ail sat-isfaciendum on the judgment, by which the defendant in the judgment was taken and confined, and that he. took the oath of insolvency, and rendered a schedule of his estate, and was discharged from his imprisonment, and had since acquired considerable estate, of which he prays execution.
The plaintiff in error pleaded nul tí el record, to' which the defendant in error replied, and issue was joined thereon to the court, which was tried and found for defendant in error, and judgment render *37 ed that he have execution. To this the plaintiff in error prosecuted this writ of error.
It is not necessary for plaintiff in a scire facias to revive a judgment against one who has been discharged from prison as an insolvent, brought to have execution, on the trial of the plea of mil tiel record, to shew the warrant of the justice discharging the defendant.
Justice’s warrant discharging tho insolvent,is not matter of record, and so not within the issue of nul tiel record.
If defendant in such case would rely, he had not been discharged, after his schedule returned, he must plead it.
The ground relied on to reverse the judgment in this court is, that although the record produced agreed in amount and date with the judgment described in .the scire facias, and showed that execution against the body had issued, and a schedule also appeared retured to the office by two justices of the peace, yet there was a defect of record because it no where appears that the plaintiff in error was discharged from imprisonment.
The scire facias appears to have all the necessary allegations, and the record shews every fact, which by law ought to have been proved by the record, to-wit, the judgment, execution, return and schedule. The fact of discharge, or no discharge, was a matter in pais, which could be proved by parol.
The act of assembly, under which the proceedings were had, directs the justices of the peace before whom the schedule is rendered and oath taken, to return the schedule to the clerk’s office, whence the execution emanated, and to issue their warrant to the officer having the prisoner in execution discharging him, and no account of this discharge is to be returned. Where the schedule is returned by the justices, they have done all the law requires of them, and as they are not required to return such schedule, unless they have discharged the prisoner, the law may infer that they have discharged him, as they must be presumed to have done their duty ¿orrectly until the contrary appears.
The plaintiff in error therefore if he intended to contest the discharge, ought to have tendered an issue in fact to the country. Indeed it may be doubted whether the defendant in error, in showing the schedule and certificate of the oath returned, did not offer more in evidence than the law requires, and whether the schedule so returned could be held a matter to be proved by the record, but only a document on which the defendant in error could proceed to recover the articles listed therein. For it is decided in the case of Turner vs. Fendal, 1 *38 Cranch, 132, that the whole proceedings discharge ing such debtors under the act of Virginia, expressed as ours is, are matters in pais, capable of being proved by parol as other facts in the country. There was therefore no failure of record, and the court below found the issue correctly and the judgment must be affirmed with costs.
Carperton, for plaintiff; J. S. Smith, for defendant.